UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| HEATHER L. FAMBROUGH and WILLIAM L. FAMBROUGH, | |
|---|---|
| Plaintiffs, | |
| v. | Case No. 2:19-cv-00159-NKL |
| KENT SCHROEDER, JANET MCCARTHY, and BRUCE MCKIMENS, | |
| Defendants. | |

## ORDER

Defendant Janet McCarthy moves to dismiss for failure to state a claim the complaint brought against her by plaintiffs Heather L. Fambrough and William L. Fambrough. For the reasons discussed below, the motion to dismiss is GRANTED.

I. **ALLEGED FACTS**

The *pro se* plaintiffs' complaint is on a form titled, "Complaint for Violation of Civil Rights." Doc. 4 (Complaint). In a section titled, "Basis for Jurisdiction," the form explains: "Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 *(1971)*, you may sue federal officials for the violation of certain constitutional rights." *Id.*, p. 3. In that section, Plaintiffs checked a box indicating that they were suing "Federal officials (a *Bivens* claim)." *Id.* When asked to "explain how each defendant acted under color of federal law," Plaintiffs stated, in relevant part, "The Social Security Administration refused to grant an appeal hearing as required by law; conducted an illegal search and seizure; and violated Heather Fambrough's right to life, liberty, and property without due process. Kathy [*sic*] McCarthy's false statements aided the Government in this endeavor . . . ." *Id.*, p. 4.

McCarthy moves to dismiss the complaint for failure to state a claim. Doc. 10.

II. **DISCUSSION**

Plaintiffs' complaint alleges *Bivens* violations by each defendant. It does not assert any other claims. McCarthy argues that the complaint against her must be dismissed because *Bivens* claims may be brought against only federal officials.

*Bivens* permits suits against *federal officials* for the violation of certain constitutional rights. 403 U.S. at 388. The complaint form that Plaintiffs used explains this point. Doc. 4, p. 3. *Bivens* does not permit suits against private individuals. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) ("In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971), we recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights. Respondent now asks that we extend this limited holding to confer a right of action for damages against private entities acting under color of federal law. . . . We have heretofore refused to imply new substantive liabilities under such circumstances, and we decline to do so here.").

Plaintiffs' complaint acknowledges—and Plaintiff's response to the motion to dismiss in effect concedes—that McCarthy is the administrator of a private facility, Golden Living Center - Smithville, and not a federal official. Moreover, Plaintiffs do not allege that McCarthy acted under color of federal authority. Plaintiffs therefore cannot bring a *Bivens* claim against McCarthy. The complaint against McCarthy accordingly must be dismissed for failure to state a claim.

### III. <u>CONCLUSION</u>

For the reasons discussed above, McCarthy's motion to dismiss the complaint against her is GRANTED. The complaint against McCarthy is dismissed without prejudice.

<u>s/ Nanette K. Laughrey</u>
NANETTE K. LAUGHREY
United States District Judge

Dated: <u>July 11, 2019</u>
Jefferson City, Missouri