# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| HEATHER L. FAMBROUGH and<br>WILLIAM L. FAMBROUGH,<br><br>   Plaintiffs,<br><br>   v.<br><br>KENT SCHROEDER, *et al.*,<br><br>   Defendants. | Case No. 2:19-cv-00159-NKL |

## ORDER

Defendants Kent Schroeder and Bruce McKimens move to dismiss plaintiffs' claims for lack of jurisdiction and failure to state a claim. Doc. 32. For the reasons discussed below, the motion to dismiss is granted.

## I. ALLEGED FACTS

The *pro se* plaintiffs' complaint is on a form titled, "Complaint for Violation of Civil Rights." Doc. 4 (Complaint). The form provides check boxes to establish whether the plaintiff is asserting a claim against state or federal officials, whether a defendant is named in his official or individual capacity and the factual basis for the complaint. Based on these prompts, Plaintiffs indicate that they are bringing claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)* against federal officials, and both Schroeder and McKimens are named in their official capacities. *Id.*, pp. 2–3.[1] Plaintiffs allege violations of their First, Fourth, Fifth and Sixth Amendment rights, based on the following allegations:

> [t]he Social Security Administration refused to grant an appeal hearing as require by law; conducted an illegal search and seizure; and violated [plaintiff] Heather

---
[1] Schroeder is a Customer Service Representative for the Administration and McKimens is a Special Agent for the Administration's Office of Inspector General. Doc. 32.

> Fambrough's right to life, liberty, and property without due process. [Another defendant's] false statements aided the Government in this endeavor and Bruce McKimens and Kent Schroeder's false statements escalated the accusation progression.

*Id.*, p. 4.

Schroeder and McKimens argue that Plaintiffs' *Bivens* claims are barred by sovereign immunity because each defendant is sued in his official, rather than his individual, capacity. Doc. 32, pp. 3–4. The Fambroughs did not file any opposition to the motion to dismiss.

## II. DISCUSSION

"In *Bivens*, the Supreme Court established a right of individuals to sue individual federal agents for damages for unconstitutional conduct in [certain circumstances]." *Mehrkens v. Blank*, 556 F.3d 865, 869 (8th Cir. 2009) (citing *Bivens*, 403 U.S. at 389, and noting that *Bivens* has been applied in the context of Fourth, Fifth and Eighth Amendment violations). However, *Bivens* provides a remedy against individuals, not the government. *See Carlson v. Green*, 446 U.S. 14, 21 (1980) (describing the *Bivens* remedy as serving as a "particularly" strong deterrent because "the individual official faces personal financial liability"). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity," which is, in this case, the Social Security Administration, a part of the federal government. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, by naming Schroeder and McKimens in their official capacities, the Fambroughs essentially brought a claim against the government, not the individuals themselves. "It is well settled that a *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity." *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998). Accordingly, the Fambroughs' *Bivens* claims against Schroeder and McKimens in their official capacities are dismissed.

Schroeder and McKimens further argue that the Fambrough's *Bivens* claims would fail even if defendants were named in their individual capacities. However, because the Fambroughs named Schroeder and McKimens in their official capacities only, the Court does not consider the propriety of the *Bivens* claims against the defendants in their individual capacities.

### III.    CONCLUSION

For the reasons discussed above, the motion to dismiss filed by Schroeder and McKimens is GRANTED. The complaint against defendants Kent Schroeder and McKimens is dismissed without prejudice.

                                                   s/ Nanette K. Laughrey
                                                   NANETTE K. LAUGHREY
                                                   United States District Judge

Dated:  August 22, 2019
Jefferson City, Missouri